# EXHIBIT A

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Nichelle Walden</u>
Plaintiff                                                          Case # _____
                                                                         Judge  _____
vs.
<u>POLLO OPERATIONS, INC.,</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>6</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Juan J. Perez</u>        Fla. Bar # <u>115784</u>
      Attorney or party               (Bar # if attorney)

<u>Juan J. Perez   </u>       <u>11/04/2020</u>
  (type or print name)          Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

NICHELLE WALDEN,

      Plaintiff,

vs.                                 Case No.

POLLO OPERATIONS, INC.,
d/b/a POLLO TROPICAL, a Florida Profit Corporation

      Defendant.

_____/

## COMPLAINT

      Plaintiff NICHELLE WALDEN, (hereinafter "Plaintiff" or "Walden") by and through her undersigned attorney hereby sues Defendant POLLO OPERATIONS INC., D/B/A POLLO TROPICAL, a Florida Profit Corporation (hereinafter, "Defendant"), and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Miami-Dade County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami, Florida.

## PARTIES

5.   Plaintiff is a resident of Miami-Dade and at all times pertinent to this complaint resided within Florida. Plaintiff is over the age of eighteen.

6.   Plaintiff is a black individual. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her race.

7.   Defendant is a Florida corporation with its principal place of business in Florida and authorized to do business in Florida.

8.   Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.   Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about January 21, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was issued a Notice of Right to Sue on August 27, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

13. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

14. Plaintiff is light skinned and of Black race.  She was hired by Defendant on November 26, 2019 as a full-time Cashier.

15. Plaintiff was interviewed and hired by Ms. Balana (LNU) (hereinafter "Balana")(Hispanic). At no point during the interview or my hiring was Plaintiff advised that speaking Spanish was a requirement for the position.

16. On her first day, responding to a customer's inquiry, Plaintiff disclosed that she was black, not Hispanic in front of the store manager Adriana Rodriguez (Hispanic) and the assistant manager Yanile Rodriguez (Hispanic).

17. Thereafter, both Adriana Rodriguez and Yamile Rodriguez, subjected Plaintiff to discriminatory and harassing treatment.

18. Specifically, both Adriana Rodriguez and Yamile Rodriguez spoke in a condescending and demeaning manner to Plaintiff on a regular basis. They did not speak in this manner to Hispanic employees.

19. On December 14, 2019, Plaintiff was at the register and a customer started to speak to her in Spanish. Unable to understand the customer, the Plaintiff asked for assistance.

20. Adriana Rodriguez, publicly reprimanded and screamed at Plaintiff for not being able to understand the customer. She then proceeded to tell Plaintiff to clock out and leave for the day.

21. Thereafter, Plaintiff called Human Resources and complained to Antonio (LNU) about the discriminatory treatment. Antonio (LNU) advised Plaintiff he would speak to Ms. Rodriguez.

22. A few days later, Plaintiff was asked to go in a meeting with where Adriana Rodriguez and Yamile Rodriguez were present.

23. Adriana Rodriguez apologized to Plaintiff for the incident. Plaintiff accepted the apology.

24. After the meeting, two other Hispanic cashiers were hired and  Plaintiff's hours were drastically reduced. Until a few weeks later, Plaintiff was permanently removed from the schedule.

25. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

26. At all times relevant, Plaintiff was qualified for her position with Defendant in that she has worked for the Defendant to this date without any disciplinary action.

27. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and/or retaliation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, national origin and/or complaints of discrimination were a motivating factor in the decision for the adverse employment action(s).

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

<div align="center">

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

</div>

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 30 of this complaint as if set out in full herein.

32. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

33. Plaintiff is a member of a protected class, to wit, Black race.

34. Defendant, by and through its supervisors, did not treat Plaintiff the same as other non-black employees as alleged above.

35. Adriana Rodriguez and Yanile Rodriguez acted on behalf of Defendant and acted within the scope of their duties.

36. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to unfair treatment.

38. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

39. The Plaintiff was qualified for the position apart from her apparent race.

40. The Plaintiff was discriminated against by Defendant because she was Black.

41. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

42. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

43. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees and after she had knowledge she was Black.

44. Plaintiff was removed from the work schedule by the Defendant and Plaintiff's loss of wages were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Black, in violation of the Act.

45. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

 WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

49. Plaintiff re-avers and re-states paragraphs 1–30, above, as though the same were fully re-written herein, and says:

50. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was, inter alia, terminated because of her national origin, American.

51. Plaintiff is a member of a protected class because, though she is American, the terms and conditions of her employment were altered because she was not of the same National Origin as Ms. Adriana Rodriguez.

52. Adriana Rodriguez, with apparent authority from Defendant, suspended and ultimately terminated Plaintiff for not speaking Spanish, though Plaintiff was never advised of such requirement.

53. Defendant did not treat other non-Americans in this manner.

54. Adriana Rodriguez at all times relevant to this action, acted on behalf of Defendant, and acted within the scope of her duties.

55. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

56. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Adriana Rodriguez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

### <u>COUNT III</u>
### VIOLATION OF THE CIVIL RIGHTS ACT
### (RETALIATION)

57.  Plaintiff incorporates herein the allegations contained in paragraphs 1–30, inclusive, as though same were fully re-written, and says:

58.  Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

59.  Plaintiff complained to Defendant's Human Resources department, as set forth above, about the discriminatory treatment to which she was subjected, and unfounded disciplinary actions.

60.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

61.  Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Adriana Rodriguez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

62.  Defendant's stated reason(s) for terminating Plaintiff is pretextual.

63.  If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON RACE)

64. Plaintiff re-avers and re-states paragraphs 1—30 above, as though the same were written herein, and says:

65. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race, Black.

66. Plaintiff is a member of a protected class, to wit, Black race.

10

67. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on her race.

68. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

69. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision to remove her from the work schedule.

70. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

71. Specifically, Adriana Rodriguez and Yanile Rodriguez, at all material times, acted on behalf of Defendant and acted within the scope of her duties.

72. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

74. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Adriana Rodriguez and Yanile Rodriguez and/or other employees. Therefore,

Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

    B. The Court award punitive damages as permitted under the law;

    C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

75. Plaintiff re-avers and re-states paragraphs 1–30, above, as though the same were fully re-written herein, and says:

76. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her national origin, American.

12

77. Plaintiff is a member of a protected class because, though she is American, the terms and conditions of her employment were altered because she was not of the same National Origin as Ms. Rodriguez.

78. Plaintiff's national origin was, at minimum a motivating factor for Defendant's decision to terminate Plaintiff.

79. Defendant did not treat other non-Americans in this manner.

80. Ms. Rodriguez at all times relevant to this action, acted on behalf of Defendant, and acted within the scope of her duties.

81. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

82. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Adriana Rodriguez, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

<div align="center">

**COUNT VI**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

</div>

83. Plaintiff re-alleges and re-avers paragraphs 1-30 as though full set forth herein.

84. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

85. Plaintiff complained of discriminatory treatment to Antonio (LNU in Human Resources.

86. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

87. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

88. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

<div align="center">14</div>

Adriana Rodriguez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

91. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

92. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

93. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff NICHELLE WALDEN demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: November 4, 2020

<div style="margin-left:50%">

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

</div>

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

NICHELLE WALDEN

      Plaintiff,

vs.                             Case No. 2020-023848-CA-01

POLLO OPERATIONS, INC.,
d/b/a POLLO TROPICAL a Florida Profit Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** POLLO OPERATIONS INC., d/b/a POLLO TROPICAL  through its Registered Agent:

CORPORATE CREATIONS NETWORK INC.
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA THE ATTORNEYS, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                 DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

NICHELLE WALDEN

      Plaintiff,

vs.                         Case No. 2020-023848-CA-01

POLLO OPERATIONS, INC.,
d/b/a POLLO TROPICAL a Florida Profit Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** POLLO OPERATIONS INC.**,** d/b/a POLLO TROPICAL  through its Registered Agent:

CORPORATE CREATIONS NETWORK INC.
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA THE ATTORNEYS, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                  __11/17/2020__
CLERK                 308760             DATE
_____
(BY) DEPUTY CLERK

## <u>VERIFIED RETURN OF SERVICE</u>

State of Florida                County of MIAMI DADE                Circuit Court

Case Number: 2020-023848-CA-01

Plaintiff:
**NICHELLE WALDEN**

vs.

Defendant:
**POLLO OPERATIONS, INC.,d/b/a POLLO TROPICAL a Florida Profit Corporation**

OCH2020001523

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by Statewide Process Service, Inc on the 24th day of November, 2020 at 3:41 pm to be served on **Pollo Operations Inc., D/ B/A Pollo Tropical C/O Corporate Creations Network Inc, 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408.**

I, Marissa Nail, do hereby affirm that on the **25th day of November, 2020** at **11:00 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Krystle Parker** as **Admin Asst For Corporate Creations Network, Inc.** for Pollo Operations Inc., D/B/A Pollo **Tropical C/O Corporate Creations Network Inc**, at the address of: **801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 37, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 160, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true pursuant to Florida Statute 92.525(2).

**Marissa Nail**
2091

**Statewide Process Service, Inc**
**5727 Nw 7th Street**
**#317**
**Miami, FL 33126**
**(786) 512-5440**

Our Job Serial Number: OCH-2020001523

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

NICHELLE WALDEN,                    CASE NO.: 2020-023848-CA-01

       Plaintiff,

vs.

POLLO OPERATIONS, INC.,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 1.090(b) of the Florida Rules of Civil Procedure, Defendant Pollo Operations, Inc. ("Defendant") moves for a two-week extension of time to respond to Plaintiff's Complaint. In support of this Motion, Defendant states the following:

1.     Plaintiff served Defendant with the Summons and Complaint on November 25, 2020, making Defendant's response to the Complaint due December 15, 2020.

2.     Defendant's counsel is presently gathering the documents and information necessary to respond to the Complaint but needs additional time to prepare Defendant's response.

3.     In light of the foregoing, Defendant respectfully requests a two-week extension of time to respond to Plaintiff's Complaint, until Tuesday December 29, 2020.

4.     Undersigned counsel respectfully submits good cause exists for the requested extension. The extension was not the product of neglect or delay and no party will be prejudiced by the extension.

Wherefore, Defendant moves the Court for a two-week enlargement of time, through and including December 29, 2020, to respond to Plaintiff's Complaint.

Dated: December 15, 2020

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 South Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile:  305.374.0456

*s/ Paul De Boe*
David M. DeMaio
Florida Bar No. 886513
david.demaio@ogletreedeakins.com
Paul J. De Boe
Florida Bar No. 52051
paul.deboe@ogletreedeakins.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 15, 2020, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

<div align="center">

*<u>s/  Paul De Boe</u>*
Paul De Boe

</div>

## <u>SERVICE LIST</u>

*Nichelle Walden v. Pollo Operations, Inc.*
*11th Judicial Circuit in and for Miami-Dade County, Florida*
*CASE NO.: 2020-023848-CA-01*

Nathaly Saavedra, Esq.
nathaly@peregonza.com
Juan J. Perez, Esq.
juan@peregonza.com
Peregonza The Attorneys, PLLC
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Telephone: 786.650.0202
Facsimile: 786.650.0200

*Counsel for Plaintiff*

Method of Service:  Florida E-Filing Portal


David M. DeMaio
david.demaio@ogletreedeakins.com
Paul J. De Boe
Paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Two Datran Center
9130 South Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456

*Counsel for Defendant*

45287901.1

4

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-023848-CA-01
SECTION: CA31
JUDGE: Spencer Eig

**Nichelle Walden**

Plaintiff(s)

vs.

**POLLO OPERATIONS, INC.,**

Defendant(s)

_____/

## AGREED ORDER GRANTING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court on Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Complaint. The Court having reviewed the motion and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that the motion is GRANTED. Defendant shall have up to and including December 29, 2020 in which to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of December, 2020.

2020-023848-CA-01 12-21-2020 11:51 P

2020-023848-CA-01 12-21-2020 11:51 PM
Hon. Spencer Eig

**CIRCUIT COURT JUDGE**
Electronically Signed

<div style="border: 1px solid red;">

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

</div>

**Electronically Served:**

David M DeMaio, david.demaio@ogletreedeakins.com

David M DeMaio, veronica.alarcon@ogletreedeakins.com

David M DeMaio, kelly.nino@ogletreedeakins.com

Juan J. Perez, juan@peregonza.com

Juan J. Perez, eservice@peregonza.com

Juan J. Perez, office@peregonza.com

Nathaly Saavedra, nathaly@peregonza.com

Nathaly Saavedra, esther@peregonza.com

Paul J. DeBoe, paul.deboe@ogletreedeakins.com

Paul J. DeBoe, veronica.alarcon@ogletree.com

Paul J. DeBoe, Kelly.nino@ogletree.com


**Physically Served:**